May it please the Court, my name is Rohit Singla. I'm counsel for Plaintiff Appellant Antle and Andrews in this appeal. Mr. Andrews filed his civil rights complaint in this case in December of 2001. To this day, defendants have not responded or controverted that complaint on the merits. Instead, defendants filed a motion for summary judgment in the district court about two weeks after being served with the complaint. In that motion, they argued that Mr. Andrews was not eligible to proceed in forma pauperis, IFP, under 28 U.S.C. 1915 A, a prisoner may proceed, an indigent prisoner may proceed, without paying the district court's filing fee in advance, although he must pay the filing fee eventually in installments. Defendants argued, represented by the Attorney General's Office of California, that Mr. Andrews was not eligible to proceed IFP because he had accumulated three so-called strikes under 1915 G. Under 1915 G, which is attached, the statute is attached to our opening brief, a prisoner who has brought three actions while a prisoner previously that were dismissed for either being frivolous, malicious, or for failure to set a claim, such a prisoner may not proceed IFP with a few exceptions that are not applicable here. Now, the district court granted plaintiffs, excuse me, granted defendants' motion for summary judgment and dismissed the action because it held that Mr. Andrews had accumulated three so-called strikes. What's remarkable about the district court's decision, and the reason that it must be reversed by this court, is that it violates the most basic norms of statutory construction. There is no contention by the district court or by defendants or by the United States as intervener that Mr. Andrews has ever had a case in the federal district courts dismissed for being frivolous, nor is there any contention that he's ever had a case dismissed for being malicious. Who makes the determination that the prior case is frivolous? The judge that dismissed the case originally or when the IFP, when the challenge to IFP status is made? That is a difficult question that has not been addressed by either this court or frankly by many of the circuit courts, the other circuit courts. It seems to me ultimately the decision is a decision of the district court before whom the challenge to IFP is pending, although it would make most sense for the district court to defer greatly to the decision of the prior courts because the statute speaks, the statute says that a prisoner may not precede IFP if he has had three cases dismissed on the grounds that it is frivolous, malicious, or fails to state a claim. So what the district court before whom the challenge to IFP is pending must determine is whether a prior case was dismissed because it was frivolous. In other words, a district court, for example, the district court in this case that is on appeal, cannot simply conclude that he believes or it believes that a prior case was frivolous. What the district court must find is that a prior case was dismissed because that district court, the prior district court, concluded it was frivolous, malicious, or fails to state a claim. Well then take one of the so-called strikes here. We get zillions of appeals that are filed improperly, mostly by pro ses. Any time a district judge rules, they appeal it to us. Boom, up comes an appeal. We dispose of them in about 30 seconds. We look at it and say, whoops, this is just untimely. You can't bring this appeal now. You can't appeal from X. The case isn't over. And we send it back without briefing, without anything else. We just send it back on an order. Okay? That's one of these strikes. You look at the record. The guy files an appeal for something that's obviously not appealable. It's obviously frivolous to file it at that point. If frivolous means anything, we get it. We send it right back. Boom. No good. Now, why isn't that a strike? Judge Fernandez, are you speaking hypothetically or are you referring to a specific case that Mr. Andrews brought, a specific appeal Mr. Andrews brought? I'm talking about both, hypothetically, and I'm talking about one of the specific ones here. You've got the record from our court. You've got the case coming. You've got it saying, boom, we send it right back because it's an improper appeal. Prematurely filed this notice. Prematurely is what I wanted. It's out of time, premature. It's obviously premature. Boom, it goes back. We don't use the words frivolous, but we don't brief it. We don't have anything. We just look at it. We say, out of here. Okay? Now, that's the question. Why wouldn't that – is that not a strike? If I understand the court's question, I believe you're referring to the appeal in Crocker 2, which is one the district court decided was frivolous because this court held that there was no jurisdiction over the appeal because Mr. Andrews had taken an appeal from a dismissal with leave to amend. Now, it seems to me pretty clear – it seems to me very clear that that is not – was not a frivolous appeal, and that cannot constitute a strike against Mr. Andrews for a number of reasons. First of all, the fact that an appeal from a motion to dismiss with leave to amend does not lie, was not and is not a settled law. There is dispute across the courts of appeals on whether an appeal in such a circumstance can be taken. This court in the Uresh decision had held expressly that a plaintiff need not stand on his complaint. And, indeed, the rule in this court – Yes, but WMX said before this was ever brought – WMX said on Bonk, now, if you want to stand on your complaint, you better get a district court order dismissing. You can't just bring it. I think the – And, by the way, this appeal is filed – let's see. January 12, 1994, by February 14, 1994, it's kicked back, right? I believe that – Am I wrong, or am I looking at the wrong one? I believe the appeal was – I'm not looking at the wrong one. There's so many of them. There are a number of them. In this case. I believe the appeal was filed – the notice of appeal was filed in early 1998. Yes. And I think the WMX decision is a perfect example of why this is not set a law, and this is not something that for a pro se prisoner litigant should be considered frivolous. In the WMX case – Okay, wait. Let me get the dates right. I think I've got it right now. He files on February 26 of 1998. We kick it back for lack of jurisdiction by March 27 of 1998. Period. One month. No briefing, no nothing. We just say, clearly no jurisdiction, and back it goes. Now, my question to you is, when it's so obvious that this thing lacks jurisdiction, why isn't that frivolous? Not that every jurisdictional question would be, but why isn't that frivolous? Well, if I may respond, I think there's two reasons. The first is, let's look at the WMX case itself. That was case decided in early 1997 by this Court, en banc. Now, what happened in that case is, an appeal was taken from a dismissal with leave to amend, went up to a panel of this Court, which decided the appeal on the merits. It then went en banc. The en banc Court took the case on the merits. It was argued on the merits. And then, for whatever reason, the Court realized that there should be no appellate jurisdiction in that case. And a trillion judges on the panel could see that and said, whoops, there's no jurisdiction. That's before this case ever goes up. That is true. That is before this appeal. Yes. My point is simply that this is not an issue that is obvious or frivolous for a pro se litigant. Second. Counsel, what would your position be if, in kicking this case, the panel had said this is a frivolous appeal? Would that have been a strike at that point? I think that would be something for the district court to consider and decide. One thing that's worth noting is the district court in this case did not, despite the request of Mr. Andrews, consider any of the underlying court orders of dismissal. Had this Court dismissed the Crocker I appeal, Crocker II appeal, and said we are dismissing this, it is frivolous, costs are awarded, that would be something certainly the district court would have to take into account. Now, if I could just finish responding to Judge Fernandez's question about that appeal. In the WMX decision itself, this Court en banc noted that there was great diversity of opinion among the courts of appeals as to whether an appeal lay under those circumstances from a dismissal leave to amend. Secondly, basic fairness says that Mr. Andrews should not be tagged with a strike for that appeal because after he filed his notice of appeal, the district court struck the notice of appeal before this Court ruled. Mr. Andrews from that point, from the point that his notice of appeal was struck, filed no papers in this Court, filed no papers in the lower Court. And this Court, it must have been some sort of procedural mix-up. I don't know whether the district court's notice striking the notice of appeal didn't make it up to the Ninth Circuit Clerk's Office, but that appeal was not properly before this Court. So to strike, to tag Mr. Andrews with that appeal as now to say it was dismissed as frivolous would be unfair. We don't know what the appeal he was intending to take. We don't know if he was intending to move for mandamus. There are many reasons that an appeal can be taken from a dismissal, even with leave to amend, that would not be frivolous. Perhaps we should go through the cases very quickly. The Court should have, I hope the panel has, a very simple demonstrative that we put forward. I have spoken with opposing counsel. They have no objections to this demonstrative. I simply wanted to lay out the five cases that the district court found to be strikes. And the defendants on appeal have argued are strikes. And note that none of these cases are strikes. First, the first three cases, Revitz, Vargas, and the DOJ case, these were all cases brought in 1993, while Mr. Andrews was in the civil custody of the INS, subject to deportation. The defendants and the district court do not dispute that Mr. Andrews was in the custody of the INS at the time these cases were brought. They are not strikes because he was not a prisoner at that time. Moreover, the Revitz case was dismissed sua sponte, and as defendants themselves in their briefs argue at length, this Court has repeatedly held that a dismissal sua sponte under Rule 12b-6 should be with leave to amend, without prejudice. And a dismissal without prejudice, this Court in Lopez on Bach said was not a strike. I think you slightly misstate our rule. A dismissal should be with leave to amend unless it is so obvious that no amendment could save this case, in which case it can be plain dismissed without leave to amend. That's what our rule really is. So when a district judge actually dismisses a case and doesn't give leave to amend, assuming as we must the district courts follow the law and know what the law is, when they dismiss and don't give leave to amend, it should be an indication to us that it was so poorly presented. Not presented. The facts were so obvious that the case should be just dismissed and no leave to amend granted because it was hopeless to try to spell out a cause of action. I take just an alternative way of looking at that. No, I take it. Giving the district court its due as opposed to assuming district courts don't do what they're supposed to. I take your correction to my statement of the Ninth Circuit's law on this point. You are correct. However, in the Revitz case, what's centrally important is that there is nothing in the record indicating that that dismissal was with prejudice. So given that this was brought on summary judgment, the only inference that can be drawn is that the case was brought or was dismissed without prejudice. In any case, as I've said, Revitz, Vargas, and DOJ were brought while Mr. Andrews was in the civil custody of the INS, which defendants do not dispute. Now, the other two cases, Crocker 2, the appeal to this court I think we've discussed, that leaves Crocker 1, and that was dismissed for failure to prosecute, which is not for being frivolous, malicious, or for failure to state a claim. So there are no strikes in this record, much less three strikes. Defendants now argue on appeal that habeas petitions, dismissal of habeas petitions, should be construed as strikes. And that is something the district court correctly rejected, because the only courts, every court to consider that proposition has said that no, habeas petitions, dismissed habeas petitions, do not constitute strikes. And even the case that they rely upon centrally, Patton case,  assumed that a habeas petition would not constitute a strike. Finally, defendants, the Attorney General's Office of California argues that sua sponte dismissals for failure to meet the IFP requirements should constitute strikes. That, again, is not a dismissal for being frivolous, malicious, or for failure to state a claim. Moreover, it is a dismissal without prejudice. Moreover, dismissals for failure to meet the IFP requirement are often because the state prison system will not provide the six-month statement of the trust account that a prisoner, indigent prisoner, is required to file before he can proceed IFP. So there is no basis for treating dismissed habeas petitions or cases dismissed for failure to meet the IFP requirements by a prisoner as strikes under 1915G. Counsel, I don't think I've, maybe you have, and I just was distracted. Burden of persuasion. Normally, I suppose people are supposed to pay filing fees. A person comes in and says I don't want to pay a filing fee. Where is the burden of persuasion? I would like to reserve the remainder of my time after I answer this question, unless the panel has other questions for rebuttal. That's fine. Yes, no, this is a very, very important question. I am well-spent answering questions. This is a very important question, and I agree. There is no decision from this Court, from the Ninth Circuit, on the burden of proof in IFP 1915G motions. In this case, it seems to me a few things are clear. First, this was a motion for summary judgment. So all inferences in the record have to be construed against the defendants and in Mr. Andrews's favor. Well, see, that's part of the purpose of my question. I don't even see this as a defense issue. The Court could raise it itself. The Court could go into Moat and such and print them all out and say to the plaintiff, looks to me like you've got a bunch of strikes. Tell me why you don't. The Court certainly could raise, as it can raise, almost any issue sui sponte. But in this case, the Court did not raise it sui sponte. It was raised. I mean, not only that, but I'm just saying that I'm talking about burdens of persuasion. If the Court can do that and just say, okay, you show me, then why isn't the burden of persuasion always going to be on the plaintiff? The burden of – again, before I answer your question, I just want to make one other thing clear, which is that defendants themselves agree that at the very least they have a burden of production. And without dwelling on it, we talk about it in our papers, clearly they didn't meet that burden in this case. As to the ultimate burden of proof, it seems to me clear that that should lie, as a matter of policy, because it is a matter of policy for this Court to decide, it should lie upon the defendants, the State and its prison officials, for the same reasons that this Court held in Wyatt v. Tarun, that the burden of persuasion on exhaustion of administrative remedies, also part of the Prison Litigation Reform Act of 1996, should lie upon prison officials and the defendants in that case. And there are a number of reasons. The first is that the three-strike prison is not an affirmative pleading requirement, in the same way that exhaustion is not a pleading requirement. The second is, from a policy perspective, if you look at who is best able to bring to the district courts the evidence, the proof, the material necessary for the district court to reach an accurate decision, it is clearly going to be prison officials and the Attorney General's office. A prisoner has no access to PACER, has no access to court records, has no way to pull older court records, has no way to maintain court records. A prisoner is, and this is in the record, in this circumstance Mr. Andrews is limited to six cubic feet of possessions. There is no way he could maintain the court records for all of his cases. Cases brought before the passage of 1915G, which are three of the five cases that we're discussing here, he had no reason at that time to retain those court orders. The prison officials, by contrast, the Attorney General's office, has access to PACER, they have the ability to pull court records, and they have legal research facilities. So just as a practical matter, if you put the burden on a prisoner, it's unclear to me how a district court could reach the correct decision. And this is the same reasoning that the court applied in the Tarun case. I would note, for example, that although defendants say that it was an enormous burden, and this is an assertion made in their briefs without any citation of the record, an enormous burden to collect all of these PACER docket sheets, i.e. to print them out of the computer, which doesn't seem to be an enormous burden. They were able to file these papers within 20 days, less than three weeks of being served with the complaint. So prison officials and the state governments are fully capable of bringing these kinds of issues to the court's attention. So for these reasons, the burden of proof should be with the defendants, with prison officials and state prison system in 1915G challenges. In this case in particular, I think there are even stronger reasons. As I've said, this was a motion brought expressly on summary judgment. And so they bear the burden of persuasion, and all inferences must be drawn against them. Do you want to save the balance of your time for rebuttal? Yes. Thank you. Okay. May it please the Court. My name is Maria Chan, Deputy Attorney General, on behalf of defendants. IFP is not a constitutional right, it is a privilege. And the legislature determined that where an inmate litigant abuses a privilege or abuses a judicial system, he forfeits the privilege. This Court should affirm the district court's decision below, finding at least three strikes against Mr. Andrews and revoking his IFP privilege, because on the record before it, Mr. Andrews had acquired sufficient strikes to lose his IFP privilege. Let's start with Andrews v. Croker. That was a case that was ---- But before we start with that, why don't we ---- You know, I thought it was interesting here that all you submitted in support of the motion were just the docket sheets. That goes to the burden. Do you think you have any greater burden than that? It does go to the burden of proof, Your Honor. That's what he is ---- the plaintiff's attorney is correct in saying that we have access to PACER, and that is what the Attorney General's office had access to. We knew he had ---- I'm sorry? That is what the Attorney General what? Had access to, to the PACER docket sheets. We could have gone through the archives and possibly found the actual underlying orders, but given the time that we have to respond to this type of ---- to the complaint, that was the quickest, speediest way that we could bring to the Court's attention that Mr. Andrews had many actions that were litigated and many that were dismissed with prejudice for lack of jurisdiction or for failure to state a claim, as the record shows in this case. The district court in ruling on the burden of proof, they didn't focus so much on the summary judgment standard because initially the burden of proof to prove IFP should rest with the plaintiff. He's the one who has the knowledge of what he's filed. He's the one that knows what his cases were dismissed for. I'm going to just for a moment just addressing, my question really went to not the ultimate burden of proof. We can reserve that for a moment. But you brought it to the district court's attention. You asked the district court to revoke his IFP status. And what you gave the district court were the docket sheets from all these cases. Now, do you think the district court, that that's sufficient for the district court to make the determinations required under 1915g? I think that would depend on each individual case. In some cases, clearly the docket sheet will state specifically why a case is dismissed or terminated. And I think in those cases the district court may rely on those docket sheets. Other cases may require a further inquiry into the underlying orders leading to the dismissal. But I think, but once the defendants established that he had these actions out there that could qualify strikes, it was plaintiff's burden to then bring back evidence to show that that was not. Let me ask you this. How is he, if the attorney general is not, well, I don't know if the attorney, I guess the attorney general could get it. But how is he, how is he going to obtain all the documentation necessary to rebut what's ever in your motion? I would agree that it would be a difficult process. However, that is the cost or that is the price of litigating. It has always been the burden on the plaintiff to prove IFP qualification. And it's always been the burden on him to prove it at the outset of the legislation, at the outset of the litigation, even before the attorney general. Well, the district court here granted him IFP status at the very beginning. You're correct. Then you came back and said, no, no, no, revoke that status. He's a three-striker. That is correct. And the attorney general's office will do that whenever they have access. And further, look over here in the state court system. They declared this fellow a facetious litigant. That is correct, Your Honor. Anyway, I didn't mean to distract you from the particulars, but tell us about each one of these, why it should or should not be a strike. The case of Andrews v. Croker was dismissed for failure to prosecute and failure to comply with court orders. And this is an example of a case where the district court did not use the words frivolous or malicious. However, in the underlying order, the district court used words or referred to Mr. Andrews' conduct as a willful delay in the prosecution of this action and a consummation disregard for the court's orders. The district court stated that plaintiff's actions exceed the limits of judicial tolerance. He has repeatedly and intentionally flouted, disregarded, and disobeyed this court's orders without justification. Now, when the district court granted your motion to revoke IFP status, did it have that particular order under consideration? It did not. And it dismissed, it granted Andrews v. Croker just basically on it having been dismissed with prejudice. However, this court has the discretion to consider the record before it, and Mr. Andrews has made this document available to this court to consider in this ruling. We urge this court to look at this record and to make a ruling that in this case where the district court uses this type of language, even where they don't say frivolous, malicious, this is in fact conduct that is indicative of frivolous and malicious. And this is exactly the conduct that Congress was targeting when it decided to limit IFP status or to take the privilege away from enemies who abuse the system. Still in all, we're not supposed to be in a position of having to make factual determinations. If that's a record that's important to support this particular determination of a strike, it seems to me that the importance should be presented to a district court. If it's not important, if the district court can rule as it did because it looks at the docket and it says the guy has given leave to amend, he doesn't amend, therefore at the end of the day we dismiss it without prejudice. If that's enough, well, that's enough. That's what the district judge did. But the district judge should be taking more evidence, and it seems to me that's the place for it to be taken. That is correct, Your Honor. Even judicial notice. You know, judicial notice is a funny animal. If you look in the evidence code, it's an evidence question, really. So should we be taking that evidence on appeal, generally speaking? Do you mean, for example, the order? Should we pick up the 60 things on the 60 or 62 cases and order up all the records and look at them and take judicial notice of them? You could, but we go back to the position that that's plaintiff's responsibility. He is the one who wants IFP. I understand that. We're on a different, slightly different thing, and that is why should we be looking at this order when the district judge didn't rule on the basis of that order? Well, aside from the fact that you have discretion to do that, it probably would be best if you remanded this for consideration by the district court. And do you want to address another one of these examples? I did want to address two cases, and along with that, the INS issue that plaintiff has brought. Sure. The two cases are Rudder v. Revitz and Rudders v. Vargas, both which were dismissed and which clearly fall within the language of this statute, 1915G. They were both dismissed for failure to state a claim. In Rudder v. Revitz, that was dismissed after a motion to dismiss filed by the defendants, which plaintiff opposed, and the court, well, the court in the record that was provided to the Ninth Circuit by the plaintiff on appeal could look and could see that that case was, in fact, the court went through the analysis about how pro se litigants should be granted the opportunity to amend, and in this case, he would not be able to amend and therefore dismiss without leave to amend and with prejudice. That clearly falls within 1915G. The Rudder v. Vargas, the 12b-6 dismissal sua sponte, that also falls within 1915G. Whether or not they dismissed it with or without prejudice or with or without leave to amend, the PACER sheet actually demonstrates the plaintiff didn't bother to attempt to amend or to even appeal this matter. How about sua sponte, which I think means without notice, at least in that instance, just on its own, it just dismissed the case? I'm sorry. What is your question, Your Honor? Is it okay to count it when it's sua sponte or without notice to the Petitioner? Yes. Why? Because assuming that they actually do that, then the court is making a finding before they dismiss the case because they're finding that he cannot amend. They're finding that leave to amend it, even if granted, it would not be possible for him to cure the procedural or the substantive defects in the complaint. So in that situation, it would be. Even without notice and opportunity, it appears as though your complaint is frivolous or without merit, and in order to show cause why, it should not be dismissed. I'd have to say the same, yes. And you wanted to address the INS issue. First of all, the INS, we do not agree or we do not – we do dispute whether or not he was in custody at the time that he filed them, these actions. But more importantly, that was never brought to the district court again. This is an issue that was raised for the first time on appeal. We concede that plaintiffs did at some point inform the court that he had been removed from custody or he had been removed from the country, but he never said to the district court, I was in INS custody when I filed these actions. These actions, I was not a prisoner, and then I was deported. And in fact, we're not even sure when he was deported, if at all. That should be remanded to the district court for further consideration. Well, let's assume he was in INS custody or out of the prison system. Then that would be – then we would have to make a determination whether or not he was facing any criminal charges or actually serving part of his sentence, because it's clear that before he was in custody, he was actually in the – before he was in INS custody, he was actually in the Department of Corrections' custody. So there's some overlap there. And on this record, and because of the way that this was brought up on appeal, it's unclear whether or not he was facing other criminal charges. But what if he was on parole? If he was on parole, I believe it would not fall within the statute. I believe he would not be incarcerated for purposes of the statute. By the way, did you want to allow the government to – Yes. I see my time is up. Okay. And what – what light does the government have to shed on this case? Well, good morning. I'm Stephanie Marcus from the Department of Justice. And we are intervening to defend the constitutionality of Section 1915G. Do we have to get to the constitutionality issues in this case? Do – excuse me? Do we have to even reach the constitutional issues that he mentioned? No. And there are a couple ways you wouldn't have to, one of which we're not taking a position on and one of which we are. If – we are not taking a position on anything but the constitutionality. You wouldn't have to reach this if you agreed with Mr. Andrews on his arguments, on his other non-constitutional arguments. But we are not taking a position on that. Also, if you agree with the state and would otherwise affirm, he has raised constitutional challenges. And there are – and we hear the constitutional challenge to 1915G has already been reached in Rodriguez v. Cook, and this court as well as every other court of appeals to have addressed the issue has sustained the constitutionality of Section 1915G. On appeal, Mr. Andrews has raised an as-applied challenge. He says that even if Rodriguez is correctly decided, and he acknowledges it is binding precedent, that it doesn't apply – the holding doesn't apply to him because his underlying claim implicates a fundamental right, a question that Rodriguez left open. As an initial matter, though, it is far from clear that his underlying claim does implicate a fundamental right. And for that reason, we also don't think the court needs to reach the constitutional issue. That is because here he is claiming that the state defendants have made it virtually impossible for prisoners to administratively exhaust their remedies. And he correctly states that the PLRA requires administrative exhaustion. However, the statute clearly says that a prisoner must exhaust remedies that are as available. So either a prisoner would be able to show that by their actions or the process that they set up that the state defendants have not made it possible to exhaust, in which case the remedies wouldn't – if the prisoner established that to a court's satisfaction, the remedies would not be available and the prisoner would have access to the courts, or the prisoner would not be able to establish that, in which case there would be no violation of a fundamental right because the procedures would establish a valid exhaustion system and they would be able to go through that. Therefore, we don't think that the allegations in his complaint adequately set forth a claim raising a fundamental right. If, nonetheless, this Court disagrees and were to reach the constitutional issue, we think the Court should reject Mr. Andrews' challenge and join the Seventh and Eighth Circuits, which have expressly held that even if a prisoner's underlying claim implicates a fundamental right, then it does not violate access to the courts and is constitutional. Though Rodriguez didn't reach this question because in Rodriguez they held that the prisoner's underlying claim did not implicate a fundamental right, the logic and reasoning in Rodriguez fully supports an extension of that holding. And, for example, in Rodriguez the Court recognized that IFP status is not a constitutional right and that the right of access to the courts is not unlimited. It only means that a plaintiff should get reasonable access. And here 1915G doesn't deny a prisoner's access to the courts. It just says that the prisoner cannot proceed IFP and then only applies to those prisoners with a history of abuse of the legal system. It's not any prisoner. It's one who has had three prior actions dismissed as frivolous, malicious, or for failure to state a claim. And, therefore, as the Seventh Circuit has stated, there are a lot of options a prisoner has that would allow him to proceed in, you know, that he can save up the money. He could refrain from filing frivolous, malicious, or legally meritless actions. He could borrow the money. It's also important to point out that 1915G does not apply in state court and Section 1983 actions can be brought in state court. There is, of course, the exception for a prisoner who is in imminent danger of serious physical injury. So there are ways that prisoners can get into court, and we just would ask if the court reaches the issue to join the Seventh and Eighth Circuits. Thank you. Thank you very much. Please, Jim, a brief? Very briefly. Yes, very briefly. First, I'd like to answer a question Judge Fernandez raised earlier. The dates for the appellate issues in the Crocker II appeal, the notice of appeal was filed November 17, 1997. The district court struck the notice of appeal on December 9, 1997, and this court ruled on March 2, 1998. So three or four months after the notice of appeal had been struck by the district court. On the question, very briefly, of the constitutionality of the statute, the government concedes that if Mr. Andrews's claim raises a fundamental right, then this court's decision in Rodriguez requires him to be able to proceed even without meeting the IFP requirements. And they only argue that, at least I heard, they were only arguing that his claim did not raise a fundamental right because exhaustion could be raised in another forum. And I know of no authority, we know of no authority that suggests that just because the claim could be litigated in a different case, it does not raise a fundamental right. As for the claim, the argument about Mr. Andrews being in INS custody, that was something that was clearly in the record before the district court, that although Mr. Andrews may not have argued the law, the fact that he was in INS custody was something he pointed out to the court repeatedly in his papers. So the court was well aware that he was not a prisoner at the time those cases were, the first three cases were filed. I have not addressed the argument on Section 2105, and I won't unless the court has any specific questions. Anything else? That's it. Okay, thank you. The matter will be being submitted. And that concludes our session for today. It's being recessed until tomorrow. Have a pleasant day. This court for this session stands adjourned.
judges: Fernandez, Paez, Rawlinson